— Mahoney, P. J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 17, 1985, which ruled that claimant was disqualified from receiving benefits because his employment was terminated due to misconduct.
Claimant began employment with the New York City Board of Education as a school guard in Community School District 12 in February 1979, and was rehired for each subsequent school year until his termination on February 17, 1984. On August 24, 1982, claimant was arrested when he unlawfully entered the subway via the exit gate by displaying a train pass which he had illegally obtained from a student. During a search incident to his arrest, a handgun and six rounds of ammunition were found. After a plea of guilty to criminal possession of a weapon in the third degree, a class D felony, claimant was sentenced on March 10, 1983 to a five-year period of probation. He was granted a certificate of relief from civil disabilities (Correction Law art 23). Although article 13 of the Manual of Rules and Procedures of the Office of School Safety requires a school safety officer to report if he is arrested, claimant failed to do so. In December 1983, the Office of Personnel Security conducted a routine fingerprinting project in Community School District 12. Despite the warning that "[a]ny false statement or omission willfully or fraudulently made by an applicant may cause disqualification even after appointment”, claimant again failed to list his 1983 conviction for possession of a weapon.
Thereafter, claimant filed for unemployment insurance benefits. After a hearing, an Administrative Law Judge (ALJ) held that claimant’s criminal act of unlawful possession of a loaded firearm had a direct relationship to his position as a school guard and therefore involved an unreasonable risk to *479 the safety of the school population. Accordingly, the ALJ concluded that claimant lost his job through misconduct and denied benefits. The Unemployment Insurance Appeal Board adopted the findings of the ALJ and affirmed. This appeal by claimant ensued.
*478 Following the procedures in Chancellor’s Regulation C-105, which deals with security clearance, claimant was directed to appear before the Board of Education’s Personnel Review Panel for a hearing. In addition to the report of claimant’s subway arrest for possession of a weapon, the Panel also had claimant’s record which showed other arrests on charges ranging from harassment to criminal possession of stolen property in 1973, 1975 and 1976. Pursuant to a Panel recommendation, claimant was fired on February 17, 1984. He appealed to the Office of Appeals and Review which upheld the original determination.
*479 Claimant contends that his conduct which resulted in his arrest and conviction for possession of a weapon was committed during nonworking hours and, thus, was nondisqualifying with regard to unemployment insurance benefits because the misdeed was not committed in connection with his employment. Claimant further urges that his receipt of a certificate of relief from civil disabilities prevents an automatic forfeiture of benefits and, therefore, entitles him to unemployment insurance benefits. Claimant also contends that the Appeal Board’s decision is not supported by substantial evidence. We disagree with these contentions.
Misconduct committed during nonworking hours which raises a serious question as to a worker’s integrity bears a relationship to his work within the meaning of Labor Law § 593 (4) (Matter of Bruggeman [Roberts], 101 AD2d 973, lv denied 63 NY2d 608). Here, the conviction for possession of a weapon clearly relates to claimant’s position which dealt with the well-being of school children. Next, contrary to claimant’s contention, it has been held that obtaining a certificate of relief from civil disabilities pursuant to Correction Law § 701 (3) does not insulate an individual from a finding of ineligibility to receive unemployment insurance benefits due to misconduct (see, Matter of Bruggeman [Roberts], supra; Matter of Springer v Whalen, 68 AD2d 1011, 1013, lv denied 47 NY2d 710). Finally, upon review of the record, the Appeal Board’s findings are supported by substantial evidence.
Decision affirmed, without costs. Mahoney, P. J., Main, Casey, Weiss and Harvey, JJ., concur.